United States Court of Appeals,

Eleventh Circuit.

No. 95-3553.

MADIO GROUP, INC., Plaintiff-Appellant,

v.

J. Patrick SHORES;  Life Insurance Company of North America,
Defendants-Appellees,

Shores Group, Inc., Defendant,

Tim Ryles, Commissioner of Insurance of the State of Georgia as
Receiver of The Shores Group, Inc., Movant.

Feb. 10, 1997.

Appeal from the United States District Court for the Middle
District of Florida. (No. 91-796-CIV-T-17C), Elizabeth A. Jenkins,
Magistrate Judge.

Before HATCHETT, Chief Judge, TJOFLAT, Circuit Judge, and GODBOLD,
Senior Circuit Judge.

PER CURIAM:

This is an appeal from a summary judgment for defendant Life
Insurance Company of North America (LINA).  We affirm though on
grounds different from those of the district court. *Parks v. City
of Warner Robins, Ga.,* 43 F.3d 609, 613 (1995).

Two Florida associations of medical doctors maintained
employee health benefit plans that were self-insured.  They were
ordered by the State, on short notice, to discontinue the plans and
replace them with insured plans.  The two groups designated the
plaintiff, Madio Group, Inc., as their "insurance agent of record"
to represent them in obtaining the required insurance coverage for
their plans.  Madio did not represent an insurance company that
could offer the desired coverage.  Instead it intended, it
contends, to broker the desired coverage through some other

insurance agency.  It was referred to Shores Group, a corporation, said to be an agency for insurance coverage for health benefits plans issued by CIGNA.  CIGNA is a trade name for a group of insurance companies of which LINA is a participant for insuring health/medical benefit plans.

A representative of Shores Group then entered into negotiations with a representative of LINA. The precise content of these negotiations is disputed.  Madio asserts that Shores was negotiating for the insurance coverage desired for the two medical association groups.  LINA contends that the subject matter was reinsurance of the business of an insurance company, otherwise unrelated to this case, that Shores was attempting to acquire.  The LINA representative sent a letter to Shores that said in one paragraph that CIGNA was willing to fully reinsure business of Shores, and in another paragraph said CIGNA "recognizes and has appointed J. Patrick Shores [the principal of the Shores agency] as a licensed Agent to write business to CIGNA," and also stated that it would supply Shores with appropriate licensing forms to do business for it.  Madio relies upon this letter as evidence that Shores was an agent with actual authority, or apparent authority, to represent LINA in dealing with Madio concerning the insurance coverage sought for the two Florida groups.  Madio contends that Shores, as agent for LINA, agreed that the coverage sought would be issued by LINA, and that, on behalf of the associations, Madio accepted.  Shores wrote Madio agreeing that a "fee" would be paid to Madio of $25 per month for each employee participating in the two associations (plus 10% of monthly premiums from each such

employee participating in a life insurance program).

The insurance coverage was never issued. Madio and Shores fell out, and Madio claims that Shores set about on its own behalf to obtain coverage for the two associations. Madio sued Shores and LINA. It charged Shores with fraud, negligent misrepresentation, breach of contract, conversion, tortious interference with business relationships, and state RICO. With respect to LINA Madio claimed that Shores was LINA's agent with actual or apparent authority and that LINA as principal was responsible for Shores' failure to provide insurance coverage as agreed and for Shores' conduct and alleged misrepresentation. Madio claimed as damages what it describes as the "commission fees" allegedly owing to it pursuant to the commitment by Shores to pay such fees.

The district court granted summary judgment for LINA on the ground that the subject matter of negotiation between Shores and the LINA representative, and of the letter of from LINA to Shores, was reinsurance and not insurance coverage for the two medical associations. Therefore Shores was not proved to be agent for LINA or possessed of apparent authority with respect to insurance coverage for the associations. Claims against Shores were dismissed for want of subject matter jurisdiction because Shores had gone into receivership proceedings in the State of Georgia.

We do not need to address the agency issues relied on by the district court, because Madio has no cause of action for the "commission fees" it claims. The representation by Shores to Madio was that "the following fee will be paid to your company." Any ambiguity of who might be the obligor to pay these fees was removed

by the deposition of Ralph Madio, who described his understanding that his agency, as "subagent" for Shores, would be paid by Shores from commissions it received from CIGNA. He acknowledged that there was no representation that Madio would be paid commissions by LINA [or CIGNA]. Madio describes in its brief to us that commissions would "flow" to Shores and Shores would then distribute to Madio the "commission fees" agreed to be paid by Shores. This is a commission-splitting arrangement that is forbidden by Florida law. Fla. Stat. Ann. § 626.838 provides in pertinent part:

> (1) No health insurer or licensed health agent shall pay directly or indirectly any commission or other valuable consideration to any person for services as a health insurance agent within this state, unless such person holds a currently valid license and appointment to act as a health insurance agent as required by the laws of this state; except that a health insurer may pay such commission or other valuable consideration to, and a licensed and appointed health insurance agent may share any commission or other valuable consideration with, an incorporated insurance agency in which all employees, stockholders, directors, or officers who solicit, negotiate, or effectuate health insurance contracts are qualified health insurance agents holding currently valid licenses and appointments.

> (2) No person other than a licensed and appointed health agent shall accept any such commission or other valuable consideration, except as provided in subsection (1).

It is not clear to us whether Shores held a "currently valid license and appointment [by CIGNA or LINA or any other company] to act as a health insurance agent" in Florida. Assuming that Shores had the required status, it might share a commission with a corporation in which "all employees, stockholders, directors or officers" who negotiate health insurance contracts are themselves "qualified health insurance agents holding currently valid licenses and appointments." But Ralph Madio, the principal in and negotiator for Madio Group, was not such a person. Under § 626.838

Shores could not share with Madio, and Madio could not accept from Shores, the commission or other valuable consideration that it claims.

The summary judgment for LINA is AFFIRMED.